UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NUMBER:

TURNBERRY WOODS AT THE STRAND
CONDOMINIUM ASSOCIATION, INC.,

      Plaintiff,

v.

EMPIRE INDEMNITY
INSURANCE COMPANY,

      Defendant.
_____/

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Plaintiff, TURNBERRY WOODS AT THE STRAND CONDOMINIUM ASSOCIATION, INC. ("Turnberry Woods" or "Insured") files this Complaint against the Defendant, EMPIRE INDEMNITY INSURANCE COMPANY ("Empire" or "Insurer"), and alleges as follows:

**NATURE OF ACTION, PARTIES, JURISDICTION, AND VENUE**

1. This is an action for breach of contract (wherein Plaintiff will seek appraisal of the amount of the loss via a motion to compel appraisal) pursuant to the property insurance policy that was issued by Defendant to Plaintiff.

2. This Honorable Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum of

$75,000.00, exclusive of interest and costs, and is between citizens of different States.

3. At all material times hereto, Plaintiff is and was a citizen of Florida where it is incorporated. Plaintiff's principal place of business is in Florida.

4. Upon information and belief, at all material times hereto, Defendant, EMPIRE INDEMNITY INSURANCE COMPANY, is and was an Oklahoma corporation with its principal place of business in Illinois.

5. Upon information and belief, at all material times hereto, Defendant is and was conducting business in Collier County, Florida, and insured properties in Collier County via property insurance policies, including a policy insuring the Plaintiff's property.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), in that the property that is the subject of the action is situated in this district.

## ALLEGATIONS OF FACTS

7. Plaintiff is a condominium association which governs an associated condominium complex, which is located in Naples, Florida.

8. On September 10, 2017, Hurricane Irma ("Irma"), one of the strongest hurricanes on record in the Atlantic basin, made its final landfall in Florida.

9. As a result of Irma, Plaintiff sustained damage to its property.

10.  At the time of the loss, Plaintiff's property was insured by Defendant. <u>See</u> the insurance policy attached as **Exhibit "A."**

11.  The subject insurance policy issued by Defendant contains an appraisal provision that states, in part, as follows:

> If we and you:
>
> Disagree on the value of the property or the amount of loss, either may request an appraisal of the loss, in writing. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

12.  Plaintiff timely reported the loss to Defendant.

13.  Thereafter, Defendant acknowledged that Plaintiff suffered a covered loss, however, it alleged that the Plaintiff's damages did not exceed the alleged deductible of $228,081.00.

14.  As such, Plaintiff was forced to hire its own adjuster and consultants to attempt to determine the amount of the loss. Ultimately, it was determined that the amount of Plaintiff's loss is $6,020,067.44 exclusive of the deductible, interest, attorney's fees, and costs.

15.  Based on the vast disagreement between the parties as to the amount of the loss, Plaintiff invokes the "appraisal clause" in the policy and demands an

appraisal of the amount of the loss. Such demand is timely as an appraisal clause can be invoked for the first time even after litigation has commenced. See <u>Florida Ins. Guar. Ass'n, Inc. v. Castilla</u>, 18 So. 3d 703 (Fla. 4th DCA 2009); See also <u>Coral Reef Metro, LLC v. Scottsdale Ins. Co.</u>, No. 2:18-cv-460-FtM-38CM, 2019 U.S. Dist. LEXIS 27594 (M.D. Fla. Jan. 30, 2019); <u>Waterford Condo. Ass'n of Collier County, Inc. v. Empire Indem. Ins. Co.</u>, 2:19-CV-81-FTM-38NPM, 2019 WL 3852731 (M.D. Fla. Aug. 16, 2019), <u>reconsideration denied,</u> 2:19-CV-81-FTM-38NPM, 2019 WL 4861196 (M.D. Fla. Oct. 2, 2019).

## COUNT I
## BREACH OF CONTRACT

16. Plaintiff re-alleges paragraphs 1-15 and incorporates the same by reference herein.

17. Plaintiff sought property insurance from Defendant to cover Plaintiff's property and a policy of insurance, including but not limited to coverages to protect against hurricanes, was issued by Defendant to Plaintiff under policy number ECL9490617-02.

18. On or about September 10, 2017, Plaintiff's property in Collier County located at or about 6045, 6049, 6053, 6057, 6061, 6065, 6069, and 6073 Ashford Lane, Naples, Florida 34110 was damaged by Hurricane Irma.

19. Plaintiff's insurance policy was in full force and effect at the time of the loss.

20. Plaintiff has complied with all post loss obligations/conditions precedent to entitle Plaintiff to appraisal of the amount of the loss (appraisal is ripe) and otherwise recover under the policy and bring the instant cause, or the conditions have been waived by Defendant.

21. Prior to the initiation of this action, Defendant was afforded every opportunity to investigate the claim.

22. Defendant has breached the policy by failing to fully indemnify the Plaintiff for its losses.

23. As a result of Defendant's breach, Plaintiff has suffered damages in the form of insurance proceeds that have not been paid, interest, costs, fees, and attorney's fees.

24. As a result of the breach of contract, it has become necessary that Plaintiff retain the services of the undersigned attorneys. Plaintiff is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action, plus necessary costs.

WHEREFORE, Plaintiff demands judgment against Defendant, plus interest (if applicable), costs, attorneys' fees, and legal assistant fees pursuant to Florida Statutes §§ 626.9373 and/or 626.911, and 57.104, and 57.041. Plaintiff demands trial by jury to the extent the claim is not fully resolved by appraisal.

Dated this 19th day of February, 2021.

*/s/ Kurt Keefer*
KURTIS JAY KEEFER, lead counsel
Florida Bar No.: 0668011
CARY J. GOGGIN
Florida Bar No. 92404
GOEDE, ADAMCZYK,
DEBOEST & CROSS, PLLC
6609 Willow Park Drive, Suite 201
Naples, FL 34109
(239) 331-5100 – Telephone
(239) 260-7677 – Facsimile
cgoggin@gadclaw.com
abroadwell@gadclaw.com
kkeefer@gadclaw.com
rthomson@gadclaw.com
jdelgado@gadclaw.com
*Attorneys for Turnberry Woods at the Strand Condominium Association, Inc.*